O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#8

CIVIL MINUTES - GENERAL

| Case No. | CV 09-680 PSG (CTx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | Mary Alejo v. Angelo Mozilo, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting Motion to Dismiss

Before the Court is Defendants' motion to dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the motion.

I.   Background

Plaintiff Mary Alejo is the owner of real property located in Glendale, California. Alejo purchased the property with a $343,000 loan from Defendant Countrywide Home Loans, Inc. ("CHL"). Alejo made regular monthly payments from April 2006 to December 2007. On August 28, 2008, Alejo received a notice of default and intent to accelerate from Defendant ReconsTrust Company, N.A. ("ReconTrust") as trustee for Defendant Countrywide Bank FSB. Alejo also contracted with Countrywide for a $40,000 home equity loan. Alejo ceased making payments on the home equity loan in December 2007.

Alejo filed suit on November 14, 2008 in Los Angeles Superior Court against Countrywide Financial Corporation, CHL, Countrywide Bank, ReconTrust, former Countrywide officer James F. Taylor (collectively, "Countrywide"), as well as former Countrywide officer Angelo Mozilo, former U.S. Secretary of the Treasury Henry Paulson, Jr., and former U.S. Attorney General Michael Mukasey. Alejo seeks cancellation of the notes, injunctive relief, and quiet title. Countrywide removed the action to this Court on January 28, 2009, and now moves to dismiss the complaint.

II.   Legal Standard

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-680 PSG (CTx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | Mary Alejo v. Angelo Mozilo, et al. | | |

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted.  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted).  Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level.  *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).  However, detailed and "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

When a plaintiff proceeds *pro se*, the Court must liberally construe the complaint. *Bernhardt v. Los Angeles County*, 339 F. 3d 920, 925 (9th Cir. 2003).  In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

III.   Discussion

Alejo alleges the following causes of action: (1) failure of consideration; (2) usury; (3) breach of contract; (4) ultra vires; (5) indefiniteness of contract; (6) unconscionability; (7) fraud; (8) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (9) criminal wrongdoing.

A.   Usury

Alejo's second cause of action is for usury.  To state a claim for usury, a plaintiff must allege: (1) the transaction was a loan or forbearance; (2) the interest rate exceeded the statutory maximum; (3) the loan and interest was absolutely repayable by the borrower; and (4) the lender had a willful intent to enter into a usurious transaction.  *Ghirardo v. Antonioli*, 8 Cal. 4th 791, 798, 35 Cal. Rptr. 2d 418 (1994).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#8**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-680 PSG (CTx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | Mary Alejo v. Angelo Mozilo, et al. | | |

In the instant case, Alejo has not alleged that the interest rate on either of her loans exceeded the statutory maximum. Rather, the complaint states that because "Mortgage Defendants probably parted with a sum of Legal Tender Federal Reserve Notes amounting to less than 1/8th of the face value of the Negotiable Instruments that they used to encumber the property," the interest rate was "a minimum of 8 times greater than the amount agreed to in the original MORTGAGE contract." *Compl*. ¶ 40. Alejo has also failed to allege that Countrywide willfully entered into a usurious transaction. Therefore, Alejo has not stated a cause of action for usury, and the claim is dismissed.

    B.    <u>RICO</u>

Alejo alleges that Countrywide violated RICO, which makes it "unlawful for any person employed by or associated with" an enterprise engaged in or affecting interstate commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To state a cause of action under RICO, a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

Alejo claims that "Defendants regularly engage in cooperative efforts to deprive the public of property and cash under an elaborate scheme or artifice where the unaware public unknowingly enters into contracts under fraudulent terms wherein they are systematically loaned credit when they were led to believe they were loaned real money, and are thereby placed into peonage and usury due to a lack of consideration by the mortgage company." *Compl*. ¶ 67. The allegations in the complaint are insufficient to state a RICO claim. First, Alejo has not adequately alleged the existence of a RICO "enterprise." She states that Defendants engaged in "cooperative efforts," but does not identify an "enterprise" or even specify which defendants were involved in the purportedly wrongful activity. Additionally, Alejo has failed to identify any predicate acts committed by Countrywide. She refers to fraudulent loan documents and unlawful foreclosure, but appears to base these claims on a theory that the loans were illegal because Countrywide used negotiable instruments to extend her credit, rather than lending legal tender in the form of cash or silver coins. However, as the Court explains in more detail below, Alejo's "vapor money" theory has no basis in law. Finally, Alejo has not alleged that she was injured in her business or property as a result of the purported RICO violations, and therefore lacks standing. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3292, 87 L. Ed. 2d 346 (1985).

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#8**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-680 PSG (CTx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | Mary Alejo v. Angelo Mozilo, et al. | | |

For the foregoing reasons, Alejo's RICO claim is dismissed.

C. <u>Breach of Contract, Failure of Consideration, Fraud, Unconscionability, and Remaining Claims</u>

Central to Alejo's complaint is the theory that Countrywide "failed to lend [her] Legal Tender 'Dollars' as lawfully defined by the US Congress in the form of US Silver Coin." *Compl.* ¶ 43. In particular, the allegations supporting Alejo's fraud and contract claims are entirely based on the idea that it is illegal to loan funds by checks or wires that are not backed by hard cash or silver coin.

"[T]here is no requirement that a loan must be made with legal tender before a court will deem it valid." *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 544 (E.D.N.Y. 1999). If the parties so agree, a debt need not be paid in legal tender. *Id.*; *Thiel v. First Fed. Sav. & Loan Ass'n*, 646 F. Supp. 592, 596 (N.D. Ind. 1986). Here, Alejo agreed to Countrywide's use of a negotiable instrument instead of legal tender by accepting the benefits of the transactions. *See Rene*, 32 F. Supp. 2d at 544; *Thiel*, 646 F. Supp. at 596. Alejo used the loan funds to purchase her home and has only come forward after default and initiation of foreclosure proceedings with her theory attacking the mortgage on her "vapor money" theory. *See Rene*, 32 F. Supp. 2d at 544. Courts have uniformly rejected similar claims and even sanctioned pro se litigants for pursuing this "frivolous" and "improbable" theory. *E.g., Thiel*, 646 F. Supp. at 596-97 ("It does not require a trained lawyer to recognize that the allegations raised by plaintiffs in their complaint cannot support a cause of action for violation of the statutes cited therein."). Because Alejo has failed to state a claim on which relief can be granted, the complaint is dismissed it its entirety.

IV. <u>Conclusion</u>

For the foregoing reasons, Countrywide's motion to dismiss is GRANTED. Alejo may file an amended complaint within 21 days of the date of this order. If she fails to file an amended pleading within the deadline, this action will be dismissed with prejudice.

**IT IS SO ORDERED.**